IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket No. ) |
| THE ESTATE OF MARY YARBROUGH, THE ESTATE OF DEXTER GRESHAM, THE ESTATE OF AUSTIN DAY, and THE ESTATE OF KINSLEY WILSON, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now your Plaintiff, U.S. Specialty Insurance Company ("USSIC"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(1)(A) and the federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and files this Complaint for Declaratory Judgment, and for its cause of action against these Defendants would state as follows:

### I. JURISDICTION/VENUE

1. Plaintiff USSIC brings this Declaratory Judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure.

2. Pursuant to 28 U.S.C. § 2202, Plaintiff joins in this lawsuit all persons and/or entities that claim any interest which may be affected by determination of this action.

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1)(2). The transaction giving rise to this lawsuit transpired in McMinn County, Tennessee.

## II. PARTIES

4. USSIC is a Texas corporation incorporated under the laws of that state with its principal place of business at 13403 Northwest Freeway, Houston, Texas 77040-6094.

5. Defendant Dexter Gresham ("Gresham") was a citizen and resident of Etowah, McMinn County, Tennessee. Pursuant to an Order of the McMinn County Chancery Court dated April 26, 2018, Attorney Derek Green, was appointed Administrator Ad Litem for the Estate of Dexter Gresham. Mr. Green may be served with process at 10 W. Madison Avenue, Athens, Tennessee 37303.

6. Defendant The Estate of Mary Yarbrough ("Yarbrough") was a citizen and resident of Etowah, McMinn County, Tennessee prior to her death. Pursuant to an Order of the McMinn County Chancery Court, Andrew E. Bateman was appointed her Personal Representative, and he may be served with process at 114½ E. Washington Avenue, Ste. 3, Athens, Tennessee 37303.

7. Defendant Austin Day ("Day") was a citizen and resident of Mississippi. He may be served with process through his mother and next of kin, Melody Loveless. Ms. Loveless may be served with process at 148 County Road 715, Corinth, Mississippi 38834.

8. Defendant Kinsley Wilson ("Wilson") was a citizen and resident of Mississippi. She may be served with process through her mother and next of kin, Melody Loveless. Ms. Loveless may be served with process at 148 County Road 715, Corinth, Mississippi 38834.

## III. FACTS

9. Prior to July 1, 2017 USSIC issued an Aircraft Insurance Policy ("Policy") to Defendant Yarbrough. The Policy had a policy number of AC3002765-02 and covered the policy period of March 9, 2017 through March 9, 2018. A certified copy of the policy is attached to this Complaint as **Exhibit 1** and incorporated herein by reference.

10. The Policy identifies the **Named Insured** as Mary Yarbrough with an address of 556 County Road 890, Etowah, Tennessee 37331, and it identifies the **Named Pilots** as Dexter Lee Gresham.

11. The Policy insures a 1966 Piper Aztec PA-23-250 airplane ("Airplane") with tail number N44HJ.

12. The Policy includes an **Open Pilot Warranty** which allows "[a]ny pilot having an instrument rating who has logged a minimum of 1,000 hours total time and 250 hours in multi-engine aircraft and 10 hours in the same make and model as this aircraft" to operate the Airplane.

13. The Policy provided **Aircraft Physical Damage Coverage** of $40,000.00. It also contained **Single Limit Bodily Injury** coverage of $100,000.00 per person and $1,000,000.00 per occurrence. The total annual Policy premium was $1,525.

14. Gresham and Yarbrough signed an Aircraft Insurance Application ("Application") on March 18, 2014 with AOPA Insurance Services. Gresham signed as the pilot for the Aircraft, and Yarbrough signed as the owner. Under the section labelled **Total Logged Pilot Hours**, Yarbrough responded that Mr. Gresham had 16,319 **Total All Aircraft hours** with 15,019 hours in the model aircraft sought to be covered. Gresham also stated on the Application which he signed that he held an IFR – Instrument Flight Rules rating. A copy of the signed 2014 Application is attached as **Exhibit 2**.

15. USSIC then issued Policy No. AC3002765-00 to Yarbrough and Gresham with a Policy Period of March 9, 2014 - March 9, 2015.

16. Yarbrough later signed an Application on April 3, 2015 with AOPA Insurance Services. Under the section labelled **Total Logged Pilot Hours**, Yarborough responded that Mr. Gresham had 16,339 **Total All Aircraft hours** with 15,039 hours in the model aircraft sought to

3

be covered. Yarbrough identified Gresham as the pilot on this Application. A copy of the signed 2015 Application is attached at **Exhibit 3**.

17. USSIC issued Policy No. AC3002765-01 to Yarbrough with a Policy Period of March 9, 2015 – March 9, 2016.

18. USSIC later issued a continuation of the same Policy to Yarbrough on March 9, 2017 without a new Application. The Policy was a continuation of the prior policy, and it held Policy No. AC 3002765-02.

19. The Policy required that the pilot flying the aircraft "have a current and proper (1) medical certificate and (2) pilot certificate with necessary ratings as required by the FAA for each flight."

20. Upon information and belief, FAA records demonstrate that Gresham did not hold an IFR, and his medical certification expired May 31, 2017.

21. In signing the various Applications, Gresham and Yarbrough affirmed:

> I certify that to the best of my knowledge all statements or representations contained on both sides of the Application are true and correct and that I have read, understand and agree with all particulars contained herein.

22. In signing the Applications, Gresham and Yarbrough further indicated "[I] represent that each and all of the above answers are true and complete."

23. USSIC, relying on the statements and representations of Gresham and Yarbrough in the Applications, issued the Policy to Yarbrough.

24. On July 1, 2017, Gresham took off in the Airplane from Auburn, Alabama to McMinn County Airport in Athens, Tennessee.

25. Gresham served as pilot with Yarbrough, Day and Wilson as passengers.

4

26. Upon information and belief, the Airplane encountered bad weather creating Instrument Meteorological Conditions. Gresham, however, did not possess an instrument rating.

27. The Airplane crashed ("Accident") in Murray County, Georgia, and all four occupants, Gresham, Yarbrough, Day and Wilson, died in the Accident.

28. The applicable policy limits available to each decedent is $100,000.00 and thus, the amount in controversy exceed $75,000.00.

29. Following the July 1, 2017 Accident, USSIC received notice of the Accident, and USSIC received demands for payment of Policy proceeds from decedents.

30. USSIC immediately began investigating the July 1, 2017 Accident, and as part of that investigation, USSIC reviewed Gresham's pilot log books determined that Gresham's actual pilot in command hours was less than three – hundred (300) total hours.

31. The experience affirmed by Gresham and Yarbrough on the Applications of over 16,000 Total Logged Pilot hours and 15,000 make and model hours stands in stark contrast to the reality of fewer than three-hundred (300) pilot in command hours.

32. Gresham also failed to renew his medical certification which expired May 31, 2017.

33. Gresham did not possess the IFR rating required by the Policy and affirmed on the 2014 and 2015 Applications.

34. Gresham and Yarbrough's responses to the clear and unambiguous question on the Application regarding flight experience and Instrument Rating were false and constitute a material misrepresentation. Their misrepresentations significantly increased the risk of loss for the Policy issued to Yarbrough. Because of the misrepresentations of flight experience and Instrument Rating as well as Gresham's failure to renew his medical certification, the Policy was void from

5

its inception, and therefore, no coverage exists for Yarbrough or Gresham for the July 1, 2017 Accident.

35. Gresham is not entitled to a defense provided by USSIC to any claims brought by anyone claiming damages caused by the alleged actions or omissions of Gresham during the Policy period. For the same reasons, no claimants are entitled to any Policy proceeds.

36. Yarbrough is not entitled to recover property damages from USSIC for damage to the Airplane's hull as a result of this July 1, 2017 accident or any other accident. Likewise, no lienholder or other claimant is entitled to any recovery from USSIC for damage to the Airplane.

## IV. CONCLUSION

WHEREFORE, USSIC requests that it be granted a declaratory judgment in its favor, declaring that Policy Number AC3002765-02 issued to Yarbrough was void from its inception, and that it is not obligated to provide a defense to Defendant Gresham, or anyone else, or to pay benefits of any kind whatsoever to Defendants Gresham, Yarbrough, Day or Wilson arising out of the July 1, 2017 accident. USSIC seeks any other general relief to which it may be entitled including USSIC's costs.

Respectfully submitted this the 8th day of May, 2018.

/s/William J. Carver
William J. Carver, BPR # 022718
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629
(865) 525-5134
wcarver@kramer-rayson.com
*Attorney for Plaintiff U.S. Specialty Insurance Company*

## **COST BOND**

The undersigned, Kramer Rayson LLP hereby acknowledge ourselves as surety for all costs in this action in an amount as required by TCA § 20-12-120.

                                        Kramer Rayson LLP
                                        By:

                                        /s/William J. Carver
                                        William J. Carver